UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No.   07 CR 784 |
| | ) | |
| v. | ) | |
| | ) | |
| DILSHOD UMAROV | ) | Chief Judge James F. Holderman |
| | ) | |
| | ) | |

**GOVERNMENT'S UNOPPOSED MOTION FOR AN EXTENSION OF TIME
TO RETURN AN INDICTMENT OR TO FILE AN INFORMATION**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B) from December 27, 2007, to and including January 11, 2008, in which to seek the return of an indictment or file an information against the defendant Dilshod Umarov, for the following reasons:

1.      On November 29, 2007, the government charged Umarov by way of complaint with one count of passport fraud, in violation of Title 18, United States Code, Section 1542. Umarov was arrested on December 3, 2007. Defendant is presently being detained at the Metropolitan Correctional Center (MCC) in Chicago, Illinois.

2.      The Speedy Trial Act mandates that an indictment or information be filed within 30 days of the date of the defendant's arrest. 18 U.S.C. § 3161(b). Because the 30-day clock expires on Tuesday, January 1, 2008, the earliest deadline for indictment or information in the case is presently December 27, 2007.

3.      The government is conducting an investigation into this case, but certain factors have led to the government's request for an extension. Those factors are stated in the Attachment hereto,

which the government respectfully requests be placed under seal. The government is requesting that the Attachment be sealed so as not to compromise its ongoing investigation and so as not to reveal matters occurring before the Grand Jury.

    4.    Given the reasons stated in the government's sealed Attachment, the thirty days available to the government pursuant to Title 18, United States Code, Section 3161(b) in which to file an indictment or information against the defendant based on his arrest will not be sufficient. The United States estimates that a brief extension from the current expiration date of December 27, 2007, to and including January 11, 2008, will be sufficient time within which to return an indictment or information in this matter.

    6.    The Speedy Trial Act permits the extension of time to return an indictment "upon the request of the attorney for the government if the Court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Among the non-exclusive factors a court may consider are:

    a.    Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice. 18 U.S.C. § 3161(h)(8)(B)(i);

    b.    Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex. 18 U.S.C. § 3161 (h)(8)(B)(iii); and

        c.       Whether the failure to grant such a continuance in a case, which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  18 U.S.C. §3161(h)(8)(B)(iv).

     7.       The government respectfully submits that the continuance is warranted in this case pursuant to the forgoing provisions.  The government has been conducting a diligent and thorough investigation in this case, but the additional factors warranting an extension of time (as cited in the government's Attachment) exist.  The government cannot complete its investigation and make a proper charging decision within the time allowed under Section 3161(b) of the Speedy Trial Act.

     8.       Counsel for the government has spoken with Umarov's attorney, Helen Kim, who has no objection to the extension of time for the filing of an information or indictment.

WHEREFORE, the United States respectfully requests a brief extension of time from December 27, 2007 to and including January 11, 2008 in which to seek an indictment in this case.

                                  Respectfully submitted,

                                  PATRICK J. FITZGERALD
                                United States Attorney

By:    */s/ Lindsay C. Jenkins*
        Lindsay C. Jenkins
        Assistant United States Attorney
        United States Attorney's Office
        219 South Dearborn Street
        Chicago, Illinois  60604
        (312) 353-0962

Dated: December 18, 2007

**CERTIFICATE OF SERVICE**

I, Lindsay C. Jenkins, certify that on December 18, 2007, I caused the Government's Agreed Motion for an Extension of Time to Return Indictment Pursuant to 18 U.S.C. § 3161(h): (1) to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, through the ECF System; and (2) a copy thereof mailed to counsel of record as follows:

> Helen Kim, Esq.
> Federal Defender Program
> 55 East Monroe Street, Suite 2800
> Chicago, Illinois 60603

> By: */s/ Lindsay C. Jenkins*
> Lindsay C. Jenkins
> Assistant United States Attorney
> U.S. Attorney's Office
> 219 S. Dearborn Street
> Chicago, Illinois 60604
> (312) 353-0962